JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No.: | 2:21-cv-03309-SB-PD | Date: | 6/28/2021 |
|---|---|---|---|

Title: *James Edward Sullivan v. Kloeckner Metals Corporation et al*

Present: The Honorable **STANLEY BLUMENFELD, JR., U.S. District Judge**

| Victor Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** **ORDER GRANTING MOTION TO REMAND (DKT. NO. 12)**

Before the Court is Plaintiff James Edward Sullivan's motion to remand. Dkt. No. 12 (Mot.); *see* Dkt. Nos. 17 (Opp.), 19 (Reply).

### I.

Plaintiff (a California resident) sued Defendant Kloeckner Metals Corporation (a Delaware corporation) and Defendants Sergio Torres and Ivan Padilla (both California residents). Dkt. No. 1 (Notice) at 2-3; Dkt. No. 1-1 (Compl.). The complaint alleges that Plaintiff was harassed and discriminated against because of his age and raises claims for age discrimination, hostile work environment harassment, retaliation, failure to prevent discrimination and retaliation, wrongful termination in violation of public policy, intentional infliction of emotional distress, and negligent infliction of emotional distress. Compl. ¶¶ 20-75.

Kloekner removed the case to this Court, identifying diversity jurisdiction as the basis for removal. Notice 2. Though Torres and Padilla are California

residents, Kloeckner contends that "their citizenship should be disregarded because each of them was improperly and fraudulently joined in this action solely to defeat removal jurisdiction." *Id.* In particular, Kloeckner stated that removal was proper because the only claims brought against Padilla and Torres—hostile work environment harassment, intentional infliction of emotional distress, and negligent infliction of emotional distress—fail as a matter of law and cannot be amended to state a claim. Notice 3-13.

As to the hostile work environment claim, Kloeckner notes Plaintiff's deposition testimony indicated that Padilla and Torres harassed him by reassigning his accounts to other employees, telling Plaintiff he was not a team player, repeatedly asking Plaintiff about his retirement plans, and terminating him. Notice 6. Kloeckner contends these actions merely constitute personnel management decisions that cannot support a claim for hostile work environment harassment. *Id.* Moreover, Kloeckner states the repeated inquiries by Torres and Padilla into Plaintiff's retirement plans were neither unwelcome nor severe and pervasive, as is necessary to establish a claim for hostile work environment. Notice 5-8. As to the IIED and NIED causes of action, the notice states those claims also fail as a matter of law because (1) Torres and Padilla's purportedly improper conduct constituted ordinary personnel decisions, and (2) the claims are barred by the doctrine of workers' compensation exclusivity. Notice 9-13.

## II.

A defendant may remove a civil action from state to federal court so long as jurisdiction originally would lie in federal court. 28 U.S.C. § 1441(a). If removal is based on diversity jurisdiction, *id.* § 1441(b), the removing defendant must prove complete diversity of citizenship among the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. The removing party bears the burden of proof. *Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (noting the "near-canonical rule that the burden on removal rests with the removing defendant"). In attempting to discharge this burden, the removing party must remember that there is a "'strong presumption' against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992) (relying on this "strong presumption" in evaluating the dearth of evidence adduced by the removing party) (internal quotation omitted). Indeed, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* at 566.

"Removal based on a court's diversity jurisdiction is proper, despite the presence of a non-diverse defendant, where that defendant is fraudulently joined—

also known as a sham defendant." *Garcia v. Consol. Disposal Servs., L.L.C.*, 2018 WL 2228190, at *2 (C.D. Cal. May 14, 2018). "If the plaintiff fails to state a cause of action against the [non-diverse] defendant, and the failure is obvious according to the settled rules of the state, the joinder is considered fraudulent, and the party's citizenship is disregarded for purposes of diversity jurisdiction." *Id.* (citations and internal quotations omitted). But there is a "presumption against finding fraudulent joinder," and if there is a "non-fanciful possibility" that a plaintiff could state a claim against a non-diverse defendant, "the court must remand." *Id.* (citations omitted).

A defendant seeking removal "is entitled to present the facts showing the joinder to be fraudulent." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) (citation omitted). To that end, questions of fraudulent joinder "may be resolved by 'piercing the pleadings' and considering summary judgment-type evidence such as affidavits and deposition testimony." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001) (citation omitted). But fraudulent joinder must be proven by "clear and convincing evidence," and the defendant "bears the heavy burden of facing both the strong presumption against removal jurisdiction as well as the general presumption against fraudulent joinder." *Copeland v. PNC Bank, N.A.*, 2019 WL 2713233, at *4 (D. Haw. June 28, 2019). And while the Court may look beyond pleadings to resolve such a case, "a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009).

### III.

Plaintiff's motion argues that remand is appropriate because Defendants Torres and Padilla were not fraudulently joined and, thus, the case lacks diversity. In particular, Plaintiff claims that he "has Sufficiently Alleged Facts Constituting Harassment" and "Constituting IIED and NIED Against the Individual Defendants." [Mot.](#) 11-17. Mindful of the exceedingly demanding standards applicable here, the Court concludes that Kloeckner has not carried its burden of showing by clear and convincing evidence that Torres and Padilla were fraudulently joined because there is a non-fanciful possibility that Plaintiff can make out a hostile work environment harassment claim against them.

In California, a hostile work environment claim requires that the plaintiff show "(1) the plaintiff belongs to a protected group; (2) the plaintiff was subjected to unwelcome harassment because of being a member of that group; and (3) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment." *Landucci v. State Farm Ins. Co.*, 65 F. Supp. 3d 694, 703 (N.D. Cal. 2014). In the complaint, Plaintiff alleges that Torres and Padilla made "constant" and "repeated" inquiries regarding when Plaintiff would retire. Compl. ¶ 15. Though neither side points to directly on-point California authority, Plaintiff notes the Sixth Circuit stated a reasonable jury could construe repeated questioning about retirement as harassment. *Lee v. Cleveland Clinic Found.*, 676 F. App'x 488, 495 (6th Cir. 2017) ("[T]he record demonstrates that [a supervisor] questioned Plaintiff about her retirement on various occasions, which a jury could conclude was harassment."). The court reasoned that "a reasonable juror could find that [the supervisor] intended to question Plaintiff repeatedly about her retirement plans because she was an older employee who may be more likely to retire and that she did so with the intention that Plaintiff quit her job." *Id.* at 496. While this Court questions the viability of Plaintiff's allegations, it cannot conclude that Plaintiff's allegations of continuous inquiries could not *possibly* constitute harassment when a federal circuit court has said otherwise.[1]

Relying on various evidence, like declarations from coworkers and portions of Plaintiff's deposition, Kloeckner contends that "there is no possibility that Plaintiff can prevail on his harassment claims" because the evidence purportedly shows the retirement inquiries (1) were not unwelcome, (2) related to personnel management actions, and (3) were not sufficiently severe and pervasive to establish a hostile work environment. Opp. 4-10. These arguments appear to contradict the factual allegations of the complaint, *see, e.g.,* Compl. ¶¶ 14-17, 33-37, which the Court is not free to ignore, *see Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 549 (9th Cir. 2018) ("while the party seeking removal is entitled to present additional facts that demonstrate that a defendant has been fraudulently joined . . . , in many cases, the complaint will be the most helpful guide in determining whether a defendant has been fraudulently joined").

---

[1] Kloeckner notes that *Lee* also involved allegations and evidence of racial harassment. Opp. 10; *see* 676 F. App'x at 495. This Court, however, does not construe the acts of racial harassment as necessary to the Sixth Circuit's conclusion that repeated questioning about retirement could constitute age-based harassment.

Moreover, no evidence cited to the Court establishes "any *discrete and undisputed* fact that would preclude Plaintiffs' recovery as a matter of law." *Beckman v. Am. Airlines Grp. Inc.*, No. CV 20-7868-MWF (MRWx), 2020 WL 6580994, at *3 (C.D. Cal. Nov. 10, 2020). To find that Torres and Padilla have been fraudulently joined, the Court would need to conduct a more "searching inquiry" than is proper at this stage. *Grancare*, 889 F.3d at 548-49 (noting that the Ninth Circuit has "declined to uphold fraudulent joinder rulings" that required "a searching inquiry into the merits of the plaintiff's case"); *see Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) ("Attempting to proceed beyond this summary process carries a heavy risk of moving the court beyond jurisdiction and into a resolution of the merits, as distinguished from an analysis of the court's diversity jurisdiction by a simple and quick exposure of the chances of the claim against the in-state defendant alleged to be improperly joined.").

Finally, the Court emphasizes that this case remains at a very early stage. Even assuming the complaint in its current form were deficient, Kloeckner has not also shown that Plaintiff could not amend his complaint with additional allegations. *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) ("Remand must be granted unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure the purported deficiency.") (citation and internal alterations omitted). And even if the current record tended to show Plaintiff's claims are likely to fail, Plaintiff emphasizes that he "has not had the opportunity to conduct discovery" and requests that this Court deny the motion until "all the facts [are] at hand." Mot. 17-18.

In the end, Kloeckner has not carried its heavy burden of showing that there is no non-fanciful possibility that Plaintiff possess "one potentially valid claim against a non-diverse defendant," which is all that is required "to survive a fraudulent joinder challenge." *Vasquez v. Bank of Am.*, N.A., No. SA CV 15–0006–DOC (JCGx), 2015 WL 794545, at *3 (C.D. Cal. Feb. 23, 2015).[2]

---

[2] Kloeckner also states that, prior to filing this motion, Plaintiff did not conduct a thorough meet and confer that complied with Local Rule 7-3. Opp. 18. But assuming this is true, Kloeckner fails to identify any meaningful prejudice resulting from the lack of compliance, so the Court elects to consider the motion on the merits. *See, e.g., Reed v. Sandstone Properties, L.P.*, No. CV 12-05021 MMM VBKX, 2013 WL 1344912, at *6 (C.D. Cal. Apr. 2, 2013).

## IV.

For these reasons, the Court **GRANTS** Plaintiff's motion to remand.